IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHINO LININGS USA, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JACOBSON WAREHOUSE COMPANY | : | NO. 06-4190 |

OPINION AND ORDER

JACOB P. HART                                                                                         DATE:   March 21, 2007
UNITED STATES MAGISTRATE JUDGE

In this action, Rhino Linings USA, Inc. ("Rhino") has sued Jacobson Warehouse Company ("Jacobson") under a contract whereby Jacobson agreed to store drums of resin for Rhino. Jacobson has filed a motion under Federal Rule 12(c) for judgment on the pleadings. For the reasons set forth below, the motion will be granted.

I.     Factual and Procedural Background

Rhino filed its complaint in this matter on September 19, 2006. In it, Rhino alleged that the drums of resin stored by Jacobson were to be distributed on a first-in, first-out basis to prevent spoilage, but that Jacobson mistakenly permitted certain drums of resin to stay in the warehouse past their expired dates. Complaint at ¶¶ 9, 13-14. Rhino claims to have discovered this in or about June, 2005, about 18 months before it filed suit.

In its motion for judgment on the pleadings, Jacobson points out that the contract upon which suit is brought contains a limitations provision which required Rhino to commence any action to recover for damage to its goods within nine months after becoming aware of the damage. Jacobson points to this term of the contract:

> (b) No action may be maintained by the depositor or others against the warehouseman for loss or injury to the goods stored unless timely written claim has been given as provided in paragraph (a) of this section **and unless such**

**action is commenced** either within nine months after delivery by warehouseman or **within nine months after depositor of record or the last known holder of a negotiable warehouse receipt is notified that loss or injury to party or all of the goods has occurred**, whichever time is shorter.

Exhibit A to Contract, attached as Exhibit 1 to Complaint at "Notice of Claims and Filing Suit", subsection (b). (Emphasis supplied). This would have required a filing in February, 2006.

Rhino responds that it was actively negotiating with Jacobson from at least November of 2005, until it filed suit. It also argues that the contract does not specify that "action" is synonymous with in-court litigation, so that its negotiations with Jacobson might qualify.

II.     Legal Standards

Under the Federal Rules of Civil Procedure: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pr. 12(c). Judgment will not be granted on such a motion unless the movant clearly establishes that there are no material issues of fact, and that it is entitled to judgment as a matter of law. Skirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005). The Court must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party. Id.

III.    Discussion

There is no factual dispute as to whether the contract between the parties was valid or as to the contract language. Rhino has not argued that there is any reason why it should be exempt from the contract terms. Moreover, Rhino pleaded in its complaint that it learned of the damage to its goods in June, 2005, so there is no factual dispute as to this. This being the case, it is inescapable that Rhino failed to comply with the contract requirement that it file actions to recover for damaged goods within nine months of its becoming aware of the damage.

The term "action", as used in the contract, clearly refers to litigation commenced in a court of law. The clause itself draws a distinction between an "action" and a "claim", which "must be presented in writing to the warehouseman within a reasonable time, and in no event longer than either 60 days after delivery of the goods by the warehouseman or 60 days after depositor of record ... is notified by the warehouseman that loss or injury to part or all of the goods has occurred, whichever time is shorter." Contract, supra, at (a). This strengthens the inference that the negotiations between Rhino and Jacobson, while possibly constituting a "claim", were not an "action" within the terms of the contract.

The United States Supreme Court recently decided that an administrative proceeding was not an "action" within the meaning of 28 U.S.C. § 2415(a), the statute of limitations for government contract actions. In doing so, it accepted the Black's Law Dictionary definition of an "action" as "[a] civil or criminal judicial proceeding." B.P. America Production Co. v. Burton, — U.S. — , 127 S. Ct. 638, 643 at n. 3 (2006). Rhino has not pointed to any authority which suggests a different definition would be more appropriate.

Instead, Rhino criticizes the case cited by Jacobson, United States Fidelity & Guaranty Co. v. Mooney's Moving & Storage, Inc., 16 D&C.2d 668 (C.C.P. Montgomery Cty. 1958), as antiquated and as dealing with an unmade claim, rather than an unfiled action. This, however, does not undermine Jacobson's position. Jacobson cited the case as one which showed that courts in Pennsylvania accept contractually agreed-to limitations on "the time and manner of presenting claims and instituting actions." Id. at 669. The court said: "The parties by their contract have agreed upon 30 days [for the filing of a claim]. It does not seem to be unreasonably or oppressive to enforce such a contractual provisions without proof to the contrary." Id. at 669-70.

Jacobson has also cited <u>Strom International, Ltd. v. Spar Warehouse and Distributors, Inc.</u>, 388 N.E.2d 108 (Ill. App. 1979), a somewhat more recent case from a different state, in which a court declined to find a nine month limitation for filing suit unreasonable simply because it was shorter than the normally applicable statute of limitations. <u>Id</u>. at 112. The court noted that (in Illinois at least) "provisions as to the time of institutions of actions are common to warehouse receipts." <u>Id</u>. Here, Rhino has not even argued that the nine month period was unfair.

As noted, there is no issue in this case as to the relevant facts. Rhino undoubtedly filed this action around 18 months after it found out about the damage to the goods stored in Jacobson's warehouse. This clearly violated the limitations term in the contract between the parties. Thus, Jacobson is entitled to judgment as a matter of law. Accordingly, I will enter the following:

## O R D E R

AND NOW, this   21st   day of March, 2007, upon consideration of Defendant Jacobson Warehouse Company, Inc.'s motion for judgment on the pleadings, filed in this action as Document 16, and the response thereto, it is hereby ORDERED that the motion is GRANTED. JUDGMENT in this matter shall be ENTERED IN FAVOR OF DEFENDANT.

BY THE COURT:

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE